**ORIGINAL**

DALEY, DeBOFSKY & BRYANT

MARK D. DeBOFSKY           8311
55 W. Monroe, Suite 2440
Chicago, Illinois 60603
Telephone: (312) 372-5200
Facsimile: (312) 372-2778
mdebofsky@ddbchicago.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 18 2009

at 3 o'clock and 30 min P M.
SUE BEITIA, CLERK

KLEVANSKY PIPER VAN ETTEN LLP
A Limited Liability Law Partnership

ALAN VAN ETTEN           1279-0
Bishop Square, Pauahi Tower
1003 Bishop Street, Suite 770
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 536-0221
Email: ave@kpvlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NELY CACHUELA,<br><br>       Plaintiff,<br><br>    v.<br><br>PACIFIC GUARDIAN LIFE<br>INSURANCE COMPANY, LIMITED,<br><br>       Defendant. | CIVIL NO. CV09-00071 JMS KSC<br><br>COMPLAINT; EXHIBIT "A" |

10258.doc

## COMPLAINT

Now comes the plaintiff, NELY CACHUELA, by her attorneys, MARK D. DeBOFSKY and ALAN VAN ETTEN, and complaining against the defendant, PACIFIC GUARDIAN LIFE INSURANCE COMPANY, LIMITED she states:

### *Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability insurance Plan underwritten and administered by Pacific Guardian Life Insurance Company, Ltd. to benefit employees of Island Holdings, Inc. In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3.  Venue is proper in the District of Hawaii. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

## *Nature of Action*

4.  This is a claim seeking an award to plaintiff of disability income benefits pursuant to the Island Holding, Inc.'s Group Long Term Disability policy ("the Plan") (A true and correct copy of the description and summary of the applicable plan are attached hereto as Exhibit "A") underwritten and insured by Pacific Guardian under group policy number 32630. This claim seeks to restore Nely Cachuela's disability insurance benefits since January 4, 2008. This action is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)). Plaintiff also seeks prejudgment interest and attorneys' fees pursuant to 29 U.S.C §1132(g) and ERISA §502(g).

## *The Parties*

5.  The Plaintiff, Nely Cachuela ("Cachuela") (Claim No. 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) is and was a resident of Hawaii at all times relevant hereto, and the events, transactions, and occurrences relevant to Cachuela's claim of disability took place within the District of Hawaii.

6.  The Defendant, Pacific Guardian Life Insurance Company, Limited ("Pacific Guardian"), at all times relevant hereto, has been doing business throughout the United States and within the District of Hawaii; and

providing welfare benefits, including the disability insurance benefits payable under the Plan within the District of Hawaii. On information and belief, Pacific Guardian has its policies underwritten by Hartford Life Insurance Company or Hartford administered this claim.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to her employment, Cachuela received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

### *Statement of Facts*

8. Island Holding, Inc. employed Cachuela, age 57 (DOB 7/xx/1951), as an Assistant Underwriter until May 24, 2004, when she ceased working due to myriad medical conditions, including chronic pain syndrome and complains of neck pain, stemming from shoulder tendonitis and a frozen left shoulder; back pain, stemming from mild degenerative disc disease, a thoracic strain/sprain, and chronic lumbar dysfunction; and rib pain, specifically, bilateral rib tenderness. Additionally, Cachuela suffers from dizziness, shortness of breath, incessant headaches, depression, hypertension, and pain related sleep disorder. Due to her condition, Cachuela has been

unable to perform the material duties of her occupation, or any other occupation, since May of 2004.

9. Subsequent to ceasing her employment, Cachuela made a claim for benefits under the Plan stating that due to her condition she was entitled to disability benefits based on meeting the Plan's definition of "disabled," which states in relevant part,

> Under the LTD Plan, "disabled" means that:
>
> 1. During the Elimination Period; and
> 2. for the next 24 months, you are prevented by:
>    (a) accidental bodily injury;
>    (b) sickness;
>    (c) mental illness;
>    (d) substance abuse; or
>    (e) pregnancy,
>
> from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are less than 80% of your Indexed Pre-disability Earnings.
>
> After that, you must be so prevented from performing one or more of the Essential Duties of Any Occupation.

Plan p. 4 (Exhibit "A")

10. Pacific Guardian awarded Cachuela short-term disability ("STD") benefits and also awarded her long-term disability ("LTD") benefits at a rate equal to 60% of Cachuela's monthly earnings, which were paid without interruption until January 4, 2008.

11.   In addition to Pacific Guardian benefits, Cachuela simultaneously applied for Social Security disability benefits.  On July 13, 2006, the Social Security Administration concluded that Cachuela had become disabled and unable to engage in any substantial gainful activity since 2004.  (See: 42 U.S.C. §423(d)(1)(A) – definition of "disabled" in Social Security Act).  Based on the Social Security award of $1,167.60 per month, as well as provisions in the Plan coordinating the LTD and Social Security benefits, following the Social Security award, Cachuela's benefits from Pacific Guardian were reduced to approximately $333.00 per month.

12.   Despite the fact that Cachuela's medical condition was the same as if not worse than it had been since the onset of her disability, in a letter dated January 7, 200[8], Pacific Guardian notified her that, beginning January 4, 2008, she was no longer met the definition of "disabled" under the Plan.  As a basis for its decision, Pacific Guardian relied primarily on the report of Dr. Phillip Marion, a physician who is frequently retained by insurers, who earns a substantial portion of his income from insurer referrals, and who has gone on record stating that he agrees with insurer denials and disagrees with the treating physicians' certification of disability 90-95% of the time.  In this case, Dr. Marion merely reviewed Cachuela's file without examining her, even

though reliance on non-examining doctor reports deprive the plaintiff of due process and a full and fair review of her claim.

13. Following the benefits termination, Cachuela, through her attorney, appealed Pacific Guardian's decision, seeking reinstatement of her LTD benefits. She supported her claim for benefits with numerous medical records and reports, as well as with other evidence, including objective medical and vocational evidence, certifying and establishing her disability. Despite the submission of such evidence, on November 20, 2008, Pacific Guardian refused to alter its decision to deny the payment of benefits.

14. The manner in which Pacific Guardian considered this claim violated Plaintiff's right to a "full and fair review," disregarded ERISA's "higher-than-marketplace quality standards" described in *Metro. Life Ins. Co. v. Glenn,* 128 S.Ct. 2343, 2350 (2008), and emphasized only the evidence that favored the termination of benefits. In addition, Pacific Guardian/Hartford has a history of biased claim administration. Pacific Guardian/Hartford also has a history of hiring physicians to review claims who have a bias against the granting of benefits.

15. All required and voluntary pre-suit appeals seeking reinstatement of benefits have now been exhausted.

16.  There is no legitimate basis for Defendant's determination which was improperly based on hearsay evidence that cannot constitute substantial evidence in a civil action brought pursuant to 29 U.S.C. §1132(a)(1)(B) and which violates Cachuela's right to due process in accordance with ERISA.

17.  As a direct and proximate result of the foregoing, based on the evidence submitted to Pacific Guardian establishing Cachuela has met and continues to meet the Plan's definition of disabled, Cachuela is entitled to all benefits due since January 4, 2008, and such benefits must continue pursuant to the terms of the policy until Cachuela recovers from disability, dies, or reaches the age of 65, whichever comes first.

### *Relief Sought*

WHEREFORE, plaintiff prays for the following relief:

A.  That the court grant plaintiff plenary consideration of her claim in accordance with her statutory and due process rights and enter judgment in plaintiff's favor and against the defendant; and that the court order the defendant to pay disability income benefits to Cachuela in an amount equal to the contractual amount of benefits to which she is entitled;

B.  That the court order the Plan to pay plaintiff prejudgment interest at a rate of 15% per annum pursuant to H.R.S. §431:13-1089 on all benefits that have accrued prior to the date of judgment;

C.  That the court order the Defendant to continue paying plaintiff benefits so long as she meets the policy's terms and conditions for receipt of benefits;

D.  That the court award plaintiff attorney's fees pursuant to 29 U.S.C. §1132(g); and

E.  That plaintiff recover any and all other relief to which she may be entitled, as well as the costs of suit.

DATED: Honolulu, Hawaii, February 18, 2009.

MARK D. DeBOFSKY
ALAN VAN ETTEN
Attorneys for Plaintiff